Carrie J. TIMUS, Plaintiff,

v.

**SECRETARY OF LABOR, Defendant.**

Civ. A. No. 87–2699.

United States District Court,
District of Columbia.

May 15, 1991.

William J. Dempster, Asst. U.S. Atty., Washington, D.C., for plaintiff.

Amy E. Wind, Katherine L. Garrett, Kator, Scott, & Heller, Washington, D.C., for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

Plaintiff Carrie Timus, an employee of the Department of Labor, brought this Title VII action claiming that she was downgraded and not reassigned to her former secretarial position after a one-year maternity leave. Plaintiff alleges sex and racial discrimination as well as retaliation. After a full trial on the merits, this Court finds that while there is no evidence of retaliation or race discrimination, Ms. Timus was treated disparately upon her return from maternity leave. Accordingly, judgment will be granted in favor of plaintiff.

FINDINGS OF FACT:

1. Plaintiff Carrie Timus became a Grade 5, GS–318 Secretary in the Office of the Assistant Secretary for Veterans Employment and Training Services (OASVETS) in the Department of Labor in 1982.

2. Plaintiff worked as a secretary for Robert Granakis, the Coordinator of Field Operations, who was a GM–15 employee.

3. Mr. Granakis gave Ms. Timus above-average performance reviews for her work.

4. Plaintiff's work as a Grade 5, GS–318 secretary for Mr. Granakis included typing, mailings, establishing filing systems, composing and typing non-technical correspondence, maintaining Mr. Granakis' calendar and arranging his travel schedule, and preparing reports.

5. In May 1984, pursuant to a reorganization of the OASVETS that did not become final until 1986, Mr. Granakis became the Director of Field Operations. He remained a GM–15, although his new position carried more responsibilities than his former one. Plaintiff transferred with him as his secretary.

6. No new position description or other personnel documents were created to reflect any change in Ms. Timus' position. Plaintiff was not advised that her position was to be abolished or that she was to be reassigned due to the reorganization.

7. Ms. Timus continued to work for Mr. Granakis in his new position for four months, until she began her one-year maternity leave on August 13, 1984. Shortly before she left on maternity leave, plaintiff was asked to train her replacement, Ms. Rebecca Griffin, a GS–7 secretary, who was laterally transferred to take the plaintiff's position.

8. Mr. Granakis sent a memorandum to plaintiff while she was on maternity leave. The memorandum stated that plaintiff would be assigned new elements and standards, which were identical to those assigned a GS–3 clerk-typist in the office and contemplated less responsibility and authority than plaintiff had before leaving on maternity leave.

9. Before plaintiff returned from maternity leave, Mr. Granakis retired. Rebecca Griffin, a GS–7 Secretary, continued to work for his replacement, Mr. Jeffrey Crandall.

10. Plaintiff returned from maternity leave on September 3, 1985. Although her grade and pay were not changed, she was not reassigned to her former position or to one with equivalent duties. Instead, plaintiff was assigned to work in the mail room, and was told that she would be reassigned with the position title "Management Services Assistant-typing." This position was never formally approved and was later dropped.

11. Instead, Ms. Timus was assigned to answer phones, type form letters, and mail correspondence. There was frequently nothing at all for her to do. In July, 1986, plaintiff was formally reclassified as "Veteran's Employment Program Clerk," GS–303–5. This classification was based on "the clerical nature" of the duties Ms. Timus was performing.

12. Ms. Timus continues to be classified as a clerk, despite having applied for several other positions.

13. There were other secretarial GS–318 vacancies in the Department of Labor when plaintiff returned to work in September, 1985. Plaintiff was not advised of this and the Department of Labor did not assign her to one of these vacancies.

14. Plaintiff at all times wanted to continue on the secretarial 318 track and objected to the reassignment as a 303 clerk.

15. The Department of Labor believed its obligation to plaintiff was only to assign her to any position of equal pay in the department where she had worked before maternity leave.

CONCLUSIONS OF LAW:

■ Title VII protects an individual's right to progress in his or her career path and take advantage of employment opportunities, free from discrimination based on race or sex. *United Transportation Union v. Norfolk & W. Ry. Co.*, 532 F.2d 336, 339–40 (4th Cir.1975), *cert. denied*, 425 U.S. 934, 96 S.Ct. 1664, 48 L.Ed.2d 175 (1976). Personnel actions are to be made free from discrimination whether they result in outright loss of money or loss of promotion. *Palmer v. Shultz*, 815 F.2d 84, 109 (D.C.Cir.1987). The passage of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), makes clear that sex discrimination includes decisions that adversely affect a woman because of her pregnancy.

■ This Court finds that plaintiff has established her prima facie case of sex discrimination based on pregnancy. She was working as a GS–318 secretary for Mr. Granakis before leaving on maternity leave. When she returned from her leave, she was not given the same responsibilities that she had performed prior to her leave. Often, she was given no work at all. Although her pay and grade were not changed, the quality of the duties she performed was reduced to a large extent. Her duties were so different from those she had performed as a secretary, that personnel eventually reclassified her as a 303 clerk because the office could not ignore the fact that her work no longer supported a 318 secretarial position.

■ Defendant has argued that many employees prefer the position of "clerk typist" instead of secretary because the former allows for a broader range of duties. This is irrelevant. Ms. Timus took great pride in her job as a secretary, and she had earned her reputation at this job. This was her chosen career. The agency cannot deny that it has adversely affected her career by assigning her a position with a very different quality and responsibility. Ms. Timus has been denied the opportunities carried by the position of GS–318 Secretary.

■ It is clear beyond doubt that plaintiff would not have been treated in this way had she not left for maternity leave. She had maintained her position as the director's secretary until the time she left. While the agency argues that due to reorganization, Ms. Timus' position had to be filled by a Grade 7 secretary, they have not been able to explain why Ms. Timus was not informed of this during the four months she worked in that position with a Grade 5.

The agency had options other than removing Ms. Timus from her secretarial position. Other secretaries were moved around the office during the reorganization in order to preserve their grades and job status. In fact, Ms. Griffin was moved to Ms. Timus' former position because after the reorganization, this was purportedly the only GS-7 position open. Ms. Timus also could have remained in her position despite being a Grade 5. Pearl Patterson kept a Grade 8 in a secretarial Grade 6 position. Lastly, the agency could have found a secretarial position for Ms. Timus in another office.

That plaintiff was on maternity leave was the main reason for her being assigned a job of lesser quality. Because she was not present, she was replaced, and no new position of comparable worth was given to her. It was the agency's duty to place her in the same or the equivalent position upon her return. This defendant failed to do.

■ Ms. Timus has also claimed that she was discriminated against because of her race and because she had engaged in activities seeking to expand the promotion opportunities of black employees. Ms. Timus has established neither of these claims. This Court has seen no evidence that Ms. Timus' race or her activities played any role whatsoever in the agency's actions concerning her reclassification.

■ Plaintiff has also claimed that she should have been promoted to a Grade 6 or 7. According to plaintiff, the duties performed by her were the same as those performed by Ms. Griffin, a Grade 7 Secretary. Plaintiff argues that if a desk audit had been done, she would have been promoted. The evidence before this Court shows that plaintiff made no request for a desk audit. Even if a desk audit had been conducted, it is not clear that plaintiff would have been promoted. Moreover, there is no evidence that the agency failed to promote plaintiff because of her maternity leave or because of any other impermissible factor.

**RELIEF**

When plaintiff returned from maternity leave, she was returned to her former Grade. This Court does not find that plaintiff was denied a promotion because of any discriminatory factor. Only plaintiff's duties and the classification of her job were affected by her maternity leave. Accordingly, plaintiff should be returned to a GS-318 position with secretarial duties. Plaintiff shall be entitled to priority consideration for any GS-6 or GS-7 Classification Series 318 Secretarial vacancies within the Department of Labor for which she applies. This entitlement shall remain in effect for one year after the date of this Opinion, unless she is earlier selected for a similarly graded position to which she applies. Priority consideration means that if the agency determines that Ms. Timus is not qualified for the position, it must provide plaintiff with a written explanation of the reasons it asserts she is not qualified, and plaintiff shall have the right to seek judicial review of any such determination.