986 F.2d 1432
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ruth M. WOOD, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, United States Postal
Service, Defendant-Appellee.
 No. 92-3004.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1993.
 
 Before SEYMOUR, JOHN P. MOORE and STEPHEN H. ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 Ruth M. Wood, a United States Postal Service employee, filed this lawsuit under 42 U.S.C. §§ 2000e et seq. (Title VII), alleging employment discrimination on the basis of sex. Mrs. Wood asserts that defendant violated Title VII when her hours as a part-time flexible mail carrier at the Valley Falls post office were reduced upon her return from maternity leave. After a trial to the bench, the court ruled in favor of defendant. Mrs. Woods appeals and we affirm.
 
 
 2
 The record reveals that before Mrs. Woods took maternity leave, she was a part-time flexible mail carrier who worked five days a week. The other part-time flexible mail carrier in the Valley Falls post office, Carl Ellerman, worked one day a week and substituted for Mrs. Woods when she took sick or annual leave. This situation was the result of an arrangement worked out by Mrs. Woods' predecessor, who had originally been a full-time carrier, Mr. Ellerman's predecessor, who had only wanted to work a few hours a week, and the then-local postmaster Daryl Ford. The arrangement continued after Mr. Ford hired Mrs. Woods and Mr. Ellerman.
 
 
 3
 Mr. Ford retired and was replaced as postmaster by Mr. Lynn Saathoff, who began his duties while Mrs. Woods was on maternity leave. Upon her return to work, Mr. Saathoff decided to equalize the hours between Mrs. Woods and Mr. Ellerman and accordingly scheduled them each to work three days a week. Mrs. Woods remained a part-time flexible employee at the same hourly rate and with the same benefits, although she now worked fewer hours at the Valley Falls office.
 
 
 4
 It is undisputed that a local postmaster is authorized to divide the hours of part-time flexible employees either equally or unequally, depending on the particular circumstances. Mr. Saathoff testified that he decided to equalize the hours between Mrs. Woods and Mr. Ellerman because other post offices where he had worked operated that way, other postal officials to whom he had spoken thought it was a preferable arrangement, and he believed it was fair. Moreover, Mr. Ellerman, unlike his predecessor, wanted to work more hours a week.
 
 
 5
 The district court ruled that Mrs. Woods established a prima facie case of discrimination under the three-part analysis set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). We agree. Under Title VII, the definition of discrimination on the basis of sex includes discrimination "because of or on the basis of pregnancy, child birth, or related medical conditions." 42 U.S.C. § 2000e(k). Even though Mrs. Woods' seniority and rate of pay remained unchanged, the reduction in her hours following her return from maternity leave raises an inference that this reduction was because of her pregnancy. See Timus v. Secretary of Labor, 782 F.Supp. 122, 124 (D.D.C.1991).
 
 
 6
 The district court further determined, however, that defendant rebutted this prima facie showing with legitimate nondiscriminatory reasons, and that Mrs. Woods failed to prove that these reasons were merely a pretext for illegal discrimination. This is a factual determination, United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 716 (1983), which we must review under the clearly erroneous standard, E.E.O.C. v. Ackerman, Hood & MacQueen, Inc., 956 F.2d 944, 946 (10th Cir.1992). We have carefully examined the record in this case, and we are not left with a definite and firm conviction that the district court erred in its resolution of disputed facts. Assessing credibility, which was a key issue here, is a function particularly committed to the fact finder.
 
 
 7
 Accordingly, the judgment is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3